T. B. MYERS, sheriff, plaintiff in error, *vs.* D. H. WILCOX, defendant in error.

Where a judgment was obtained in Schley county, on the 25th of October, 1870, on a debt contracted before the first of June, 1865, upon which an execution issued, and the sheriff failed to raise the money on

Myers *vs.* Wilcox.

the same, on receiving from the defendant an affidavit that the taxes due thereon had not been paid, together with a claim of an offset and recoupment, in favor of the defendant, according to the Act of October 13th, 1870, which affidavit set forth that said debt had not been reduced, according to the equities between the parties, under the Relief Act of 1868:

*Held,* It was error in the Court to hold the sheriff liable, on a rule for the amount of the judgment—the proper construction of the Act of October 13th, 1870, being at the time, unsettled and doubtful, and the sheriff having apparently acted in good faith.

Rule against Sheriff. Relief Act of 1870. Before Judge CLARK. Schley Superior Court. April Term, 1871.

Wilcox sued Eason on his promissory note, made in March, 1860, and had judgment on the 25th of October, 1870. *Fi. fa.* was issued in February, 1871, and levied in April, 1871. Eason made affidavit that said *fi. fa.* was proceeding illegally, because no affidavit of the payment of taxes, as required by the Relief Act of 13th of October, 1870, was attached to the *fi. fa.* before the levy was made; that when said contract was made, prior to June, 1865, Eason owned slaves worth $3,297 00, which were lost by the result of the late war, and without his fault, and he claims "the right to set-off against said *fi. fa.* said loss according to said Act; said credit was not pleaded or allowed on the original trial, and he believed the taxes required by law had not been paid on said debt." Upon receipt of this affidavit, the sheriff refused to sell the property, though urged to do so by plaintiff's attorney, he insisting that, especially as this judgment was after said Act, defendant's affidavit should be disregarded.

The sheriff was ruled. He made no other excuse for not making the money, except that said affidavit stopped him. This showing was demurred to, and the rule was made absolute. That is assigned as error.

C. F. CRISP; C. T. GOODE, for plaintiff in error.

J. A. ANSLEY; S. H. HAWKINS; W. D. KIDDOO, for the defendant, cited 40 Ga. R., 506, 493.

McCay, Judge.

If the judgment against the defendant in *fi. fa.* had been obtained previously to the 13th of October, 1870, the affidavit taken by him would not only have justified, but compelled the sheriff to stay proceedings. The judgment was, however, in fact, obtained on the 25th of October, 1870, twelve days after the passage of the Act of the 13th of that month. Ordinarily, it is a fair presumption that, in obtaining a judgment, the law of the land in reference to it will be complied with. The Courts, as well as the parties, are presumed to know the law, and to apply it. The question, then, in this case is, whether the sheriff is guilty of a contempt of the process of the Court in staying proceedings under the affidavit filed by the defendant, that this was a debt due before the 1st of June, 1865, and that the taxes due thereon had not been paid. The argument is that, as this must, under the Act of October 13th, have been shown before the plaintiff could, under the law, get his judgment, the sheriff was not justified in taking an affidavit denying it. Ordinarily, this is not the proper rule. But what are the facts here? The county of Schley is, by the ordinary line of travel, at least two hundred miles from the capital. This judgment was had on the 25th of October, just twelve days after the signing of the Act of October 13th by the Governor. Section 13th of the Code provides " that laws should not be obligatory upon the inhabitants until published in some public gazette, and three days shall be allowed from the date of publication for every hundred miles distance from the capital before a knowledge of the law shall be presumed against the inhabitants." Under this section the Act of October 13th became obligatory in Schley county on the 20th day of October, 1870, provided it was published in a public gazette on the very day it was signed. We are not aware of any law providing a specific time within which laws shall be published. In the absence of such law, it is fair to presume that this will be done within a reasonable

time, since we must always, *prima facie,* assume that public officers have done their duty. We doubt much if six days is not within a reasonable time, and we incline to think it would be pretty violent to presume publication in a less time than that. Under this rule, it is not clear that the Act of October 13th was obligatory in Schley county on the 25th of October. At any rate, it is a harsh construction to hold the sheriff liable for contempt on such a presumption, especially as no harm has come to the parties but delay. Ordinarily, the sheriff acts at his peril, but when the case is a matter for serious doubt we do not think the sheriff guilty of *contempt* if he act in good faith.

Judgment reversed.

LOCHRANE, Chief Justice, concurred, and WARNER, Judge, dissented, but neither furnished any opinion.